IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ANDREW LEE DAVIS, JR.**                                                                **PLAINTIFF**

V.                              NO. 4:22-cv-00824-BSM-ERE

**G. CLARK**                                                                               **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.     Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.    Discussion:**

Plaintiff Andrew Lee Davis, Jr., a pre-trial detainee at the Pulaski County Detention Facility ("Detention Facility"), filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2.* Mr. Davis alleges that he was forced to sleep on the floor of his cell without a mat for seven nights, June 18 -25, 2022. The Court has reviewed Mr. Davis' complaint as required by the Prison Litigation Reform Act. 28 U.S.C. §

1915A(a).¹ Mr. Davis' complaint should be dismissed based on his failure to state a plausible claim for relief.

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief; instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As a pre-trial detainee, Mr. Davis' claims regarding the unconstitutional conditions of his confinement are analyzed under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 905 (8th Cir. 2020). Under *Bell*, the government may lawfully detain a defendant before trial and subject him to jail restrictions and

---

¹ The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

conditions, "'so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution.'" *Stearns*, 957 F.3d at 907 (quoting *Bell*, 441 U.S. at 536–37). In determining whether a detainee's conditions of confinement constitute punishment, courts consider the totality of the circumstances, including the duration of the allegedly harsh conditions. *Stearns*, 957 F.3d at 909; *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Smith v. Copeland*, 87 F.3d 265, 268-69 (8th Cir. 1996); *Green v. Baron*, 879 F.2d 305, 309 (8th Cir. 1989).

Under the Fourteenth Amendment, conditions of confinement are deemed impermissibly punitive if they "'deprive[ ] inmates of the minimal civilized measures of life's necessities.'" *Owens*, 328 F.3d at 1027 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); see also *Green*, 879 F.2d at 309-10 (citations omitted) (pretrial detainees have a "right to a safe and healthy environment," and must be provided "basic human necessities," including adequate food, clothing, shelter, personal hygiene, and sanitation). The length of time that a detainee was subjected to unconstitutional conditions is a "critical factor" in the analysis. *Smith*, 87 F.3d at 269.

In his complaint, Mr. Davis alleges that he was forced to sleep on the floor without a mat for seven nights. The Eighth Circuit Court of Appeals has held that conditions worse than those alleged by Mr. Davis did not violate the Constitution.

See *Goldman v. Forbus*, 17 F. Appx. 487 (8th Cir. 2001) (unpublished) (no constitutional violation where detainee slept six nights on floor next to toilet and was sprinkled with urine); *Ferguson v. Cape Girardeau County*, 88 F.3d 647, 650 (8th Cir. 1996) (no constitutional violation where detainee was forced to sleep on the floor on a mattress under bright lights for 14 days); and *A.L. by L.B. v. Kierst*, 56 F.3d 849 (8th Cir. 1995) (no constitutional violation where juvenile detainee was forced to sleep on a floor mattress for 15 days).

Based on these facts, the Court concludes that Mr. Davis' conditions, while uncomfortable, were not unconstitutional. Importantly, Mr. Davis was exposed to these unpleasant conditions for a relatively short period of time. As a result, the facts alleged, assuming them to be true, are insufficient to state a plausible constitutional claim against Defendant Clark.

### III. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Davis's claims be DISMISSED, without prejudice.

2. In the future, this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be instructed to close this case.

Dated this 15th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE